UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WALTER JOSEPH JANDREAU,<br><br>Defendant. | 4:18-CR-40140-KES-1<br><br>ORDER GRANTING MOTION<br>TO REDUCE SENTENCE |

Defendant, Walter Joseph Jandreau, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 108. Jandreau filed a supplement to his motion. Dockets 111, 113. Plaintiff, the United States of America, agrees that Jandreau's motion should be granted. Docket 112. For the following reasons, Jandreau's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On December 2, 2019, the court sentenced Jandreau to 210 months in prison for sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and 2251(c). Docket 95. Jandreau obtained 2 "status points" for committing the instant offense while under a criminal justice sentence. *Id.* at 12. Jandreau's Guideline range, based on a total offense level of 31 and a Criminal History Category of V, was 168-210 months in custody, but a mandatory minimum sentence of 15 years' custody applied, therefore, the guideline range was 180 to

210 months. Docket 87 at 80; USSG §5G1.1(c)(2).

On February 5, 2024, Jandreau filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 108 at 1. Jandreau believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. Docket 111 at 4. He requests a sentence term of 188 months' custody. *Id.* at 5.

I.  **U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Jandreau meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Jandreau receives 1 "status point," which gives him a total of 9 criminal history points, resulting in him being in Criminal History Category IV, with an advisory guideline range of 180-188 months in custody. After considering all of the § 33553(a) factors, the court finds the

3

appropriate sentence to be 188 months in custody and grants Jandreau's motion.

## CONCLUSION

It is ORDERED that Jandreau's motion (Docket 108) is GRANTED. Probation is directed to prepare an amended Judgment that reflects a sentence of 188 months in custody.

Dated March 25, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE